Cite as 2020 Ark. App. 269

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR-19-622

|  |  |  |
|---|---|---|
| | | **Opinion Delivered:** April 29, 2020 |
| JOHN WILLIAM MARSH | APPELLANT | APPEAL FROM THE NEVADA COUNTY CIRCUIT COURT [NO. 50CR-17-146] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE DUNCAN CULPEPPER, JUDGE |
| | | AFFIRMED |

**BART F. VIRDEN, Judge**

A Nevada County jury convicted appellant John William Marsh of rape and two counts of second-degree sexual assault relating to his then eight-year-old daughter. He was sentenced to an aggregate term of forty years' imprisonment. On appeal, Marsh argues that the trial court abused its discretion in admitting expert testimony because such testimony improperly bolstered the credibility of the victim, thus invading the province of the jury. We affirm.

We need not give a detailed account of the victim's testimony because Marsh's argument is not preserved. After the victim testified to the rape and assaults, the State called Stephanie Hrabel to testify as an expert in the field of forensic interviewing. After Hrabel had testified at length to her qualifications, defense counsel objected, stating, "I think I need to know a little bit more about her background; what that training program was; how many hours it was; what all she went through." Defense counsel was permitted to voir

dire the witness, but he subsequently renewed his objection, stating, "I don't think that we've established any basis for scientific validity of this training program or anyone involved in it." The trial court overruled the objections and stated that Hrabel qualified as a forensic-interview expert. Defense counsel did not raise any further objections during the remainder of Hrabel's testimony.

Marsh argues for the first time on appeal that Hrabel's testimony improperly bolstered the victim's credibility because she was permitted to testify on several topics, including (1) a child's ability to recall, (2) the frequency with which children are the victims of sexual assaults, (3) the percentage of time that sexual assaults are committed by a family member, (4) factors that may prevent a child from immediately disclosing sexual abuse, (5) the suggestibility of children, and (6) the victim J.M.'s use of the term "fatty part" to describe her labia majora.

Arguments not raised at trial will not be addressed for the first time on appeal. *Frye v. State*, 2009 Ark. 110, 313 S.W.3d 10. Moreover, parties cannot change the grounds for an objection on appeal but are bound by the scope and nature of their objections as presented at trial. *Id*. At trial, Marsh challenged only Hrabel's qualifications as an expert, not the substance of her testimony. We affirm Marsh's convictions without reaching the merits because he failed to preserve the issue for appellate review.

Affirmed.

HARRISON and VAUGHT, JJ., agree.

*Robert M. "Robby" Golden*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.